IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

BILLY CARLON HATHORN                  §

VS.                                   §    CIVIL ACTION NO. 9:12cv116

DIRECTOR, TDCJ-CID                    §

<u>MEMORANDUM OPINION</u>

Petitioner Billy Carlon Hathorn, an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

<u>Factual Background and Prior Proceedings</u>

In 2009, petitioner pled guilty to the charge of aggravated sexual assault of a child. He also entered pleas of *nolo contendre* to two counts of indecency with a child. Following a sentencing hearing, petitioner was sentenced to 35 years imprisonment for the aggravated sexual assault of a child conviction. He was sentenced to 15 years imprisonment for each conviction for indecency with a child, with the sentences to run concurrently with each other and consecutively to the 35 year sentence. The convictions and sentences were affirmed by the Texas Court of Appeals for the Sixth District. The Texas Court of Criminal Appeals struck a petition for discretionary review filed by petitioner for failing to comply with applicable rules of court. Although petitioner was given 30 days to refile his petition, he failed to do so.

1

Petitioner subsequently filed a state application for writ of habeas corpus. The Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.

## Grounds for Review

Petitioner asserts the following grounds for review: (a) his pleas of guilty and *nolo contendere* were involuntary and coerced; (b) the sentences imposed constituted cruel and unusual punishment and (c) he received ineffective assistance of counsel because counsel: (1) repeatedly failed to show up for appointments; (2) refused to accept telephone calls from him; (3) failed to appear for certain hearings; (4) failed to request an evidentiary hearing; (5) failed to reply to his letters; (6) failed to file motions to suppress evidence; (7) failed to provide him with a copy of the presentence investigation report; (8) failed to present mitigating evidence during the sentencing hearing; (9) failed to attempt to have the trial judge recused; (10) failed to challenge prejudicial statements in the presentence investigation report and (11) failed to preserve points for appellate review.

## Procedural Bar

The respondent asks that petitioner's first, second, third, fourth, fifth, sixth, seventh, eighth and tenth assertions of ineffective assistance of counsel be dismissed as procedurally barred.

A state prisoner must normally exhaust all available state remedies before he can apply for federal habeas relief. *See Ex*

*parte Royall*, 117 U.S. 241, 251 (11886); 28 U.S.C. § 2254(b)and (c).  To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claim to the state courts.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983).

A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default.  If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal, the prisoner has procedurally defaulted his federal habeas claim.  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  A procedural default also occurs when a prisoner fails to exhaust available state remedies and "the court to which the prisoner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred."  *Id*. at 735, n. 1.

Formerly, the United States Court of Appeals for the Fifth Circuit failed to apply the Texas state abuse of the writ doctrine as an adequate and independent state ground because the Texas courts did not regularly and strictly apply abuse of the writ rules.  *Lowe v. Scott*, 48 F.3d 873, 876 (5th Cir. 1995).  However, in *Ex parte Barber*, 879 S.W.2d 889 (Tex.Crim.App. 1994), the Texas Court of Criminal Appeals announced that it would as a rule dismiss

as an abuse of the writ a successive state application for writ of habeas corpus which raised issues that existed at the time a prisoner filed his initial state application. The Fifth Circuit subsequently concluded Texas courts were regularly and strictly applying the abuse of the writ doctrine and that the doctrine could therefore be relied upon as an adequate and independent state ground forming the basis for application of the procedural default doctrine. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

Petitioner did not raise his first, second, third, fourth, fifth, sixth, seventh, eighth and tenth assertions of ineffective assistance of counsel in either his petition for discretionary review or his state application for writ of habeas corpus. As the Court of Criminal Appeals would not consider a second state application that asserted these grounds for review, and as petitioner has not shown sufficient cause and prejudice for failing to raise these grounds for review in his state application, these grounds for review are procedurally barred.

<u>Remaining Grounds for Review</u>

*Standard of Review*

When a federal district court reviews a habeas petition filed pursuant to 28 U.S.C. § 2254, it must defer to the determination of state courts in any case adjudicated on the merits in state court proceedings.[1] *Robertson v. Cain*, 324 F.3d 297, 301 (5th Cir.

---

[1] In petitioner's case, the Court of Criminal Appeals denied his state application for writ of habeas corpus on the findings of the trial court without a hearing. Under Texas law, the denial of relief by the Court of Criminal

4

2003). A federal court may only overturn a state court's determination as to a question of law or a mixed question of law and fact if that determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As used in subsection (d)(1) of Section 2254, the phrase "clearly established Federal law, as determined by the Supreme Court of the United States" refers to holdings of the Supreme Court rather than mere dicta. *Williams v. Taylor*, 529 U.S. 362 (2000). Further, a decision is contrary to clearly established federal law if the state court: (a) arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or (b) decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id*. A decision involves an unreasonable application of clearly established federal law if the state court identified the correct legal principle, but unreasonably applied the principle to the petitioner's case. *Id*. A federal habeas court may not grant relief merely because it believes the state court applied clearly established federal law incorrectly or erroneously. Instead, the court must conclude the state court's application of clearly established federal law was unreasonable. *Id*.

---

Appeals constitutes a denial of relief on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000).

In addition, 28 U.S.C. § 2254(d)(2) instructs federal court to "give deference to the state court's [factual] findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by a state court is presumptively correct and will not be disturbed in a federal habeas procveeding unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*Remaining Grounds for Review*

A. Involuntary and Coerced Pleas

Petitioner states he originally pled not guilty to the charges against him. After he spent several months in the county jail, his daughter, the mother of the complainant, came to visit him. She told him:

> I just know that you're not gonna force my baby to get up on the witness stand and be humiliated in front of all those people. And surely you're not gonna get on the witness stand and lie, are you? I'll tell you what, if you don't change your plea to guilty, you can forget about ever talking to me, or your grandchildren again!"

A few days later, his attorney visited him in jail and showed him a copy of the prosecution's evidence. He described the evidence against petitioner as damaging and told him that in recent cases, juries had imposed brutal sentences. Counsel told petitioner that if he pled guilty, the court could be lenient and might give him a suspended sentence as it was his first offense. Petitioner asserts counsel encouraged him to waive his right to

trial by telling him he could probably avoid a long prison sentence
if he changed his plea and begged for mercy.

Petitioner states that a few days later, he changed his pleas
to guilty and *nolo contendere*.  He states he was motivated by
extreme fear of a harsh prison sentence and threatened ostracism by
his family.

A federal court will uphold a guilty plea or a plea of *nolo
contendere* in a habeas corpus proceeding if the plea was knowing,
voluntary and intelligent.  *James v. Cain*, 56 F.3d 662, 666 (5th
Cir. 1995) (citing *Hobbs v. Blackburn*, 752 F.3d 1079, 1081 (5th
Cir. 1985)).  For a plea to be intelligently and knowingly entered,
the defendant must understand both the true nature of the charge
against him and the consequences of the plea.  *United States v.
Briggs*, 939 F.2d 222, 227 (5th Cir. 1991).

The critical issue in determining whether a plea was voluntary
and intelligent is "whether the defendant understood the nature and
substance of the charges against him and not necessarily whether he
understood their technical legal effect."  *James*, 56 F.3d at 666.
"As long as the defendant understands the length of time he might
possibly receive, he is fully aware of the consequences of his
plea."  *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir. 1993).
When "a defendant understands the nature of the charges against him
and the consequences of his plea, yet voluntarily chooses to plead
guilty, that plea should be upheld on federal review."  *Diaz v.
Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

During the hearing held regarding his pleas of guilty and *nolo contendere*, petitioner was told what offenses he was charged with and that he could receive a sentence ranging from 5 to 99 years imprisonment if convicted for aggravated sexual assault of a child, and sentences ranging from 2 to 20 years imprisonment if convicted for indecency with a child. Petitioner stated he understood this. He also stated that he did not need to have the indictment read to him. He further stated that he understood that no sentence had been agreed upon in his case and that the court would decide what sentence he would receive. He also stated that in entering his pleas, he was not relying upon anyone's statement or representation as to what sentence he would receive.

"'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). In light of the statements in open court and the written admonishments and judicial confession petitioner signed, it cannot be concluded that his pleas were involuntary. The record demonstrates petitioner was aware of the charges against him and understood what punishment could be imposed if his pleas were accepted. As a result, petitioner's pleas were knowing, voluntary and intelligent.

Petitioner also contends his pleas were involuntary and coerced because of threats by his daughter to cut off contact with his family if he did not change his pleas. However, these

8

allegations are insufficient to demonstrate petitioner's pleas were involuntary or coerced. Petitioner's allegations do not demonstrate he was threatened with physical harm if he did not change his pleas. In addition, his allegations regarding threats made by his daughter do not indicate the state had any involvement with the actions of his daughter or that she was acting at the direction of the state.

Finally, petitioner asserts his pleas were involuntary because they were based on advice he received from counsel regarding the amount of evidence against him, the harsh punishment a jury might impose if it found him guilty and the possibility that the court might impose a suspended sentence if he changed his pleas.

In connection with petitioner's state application for writ of habeas corpus, petitioner's counsel submitted an affidavit. The affidavit provides, in part, as follows:

> Mr. Hathorn contends that I advised him that if he pled guilty "that the judge would probably grant [petitioner] a probationary sentence thereby keeping him from serving time in the state penitentiary." That is not true. I never said that. And I never coerced Mr. Hathorn to plead guilty or no contest. Mr. Hathorn decided to change his "not guilty" plea when I provided him with evidence I had obtained from the State in discovery, the character of such evidence being particularly harmful and damaging on the issue of guilt.

The state habeas trial court then made the following finding of fact:

> As reflected by the attached ... affidavit of Trial Counsel, [petitioner] was not coerced into pleading "Guilty" and "No Contest."

The Court of Criminal Appeals based its denial of petitioner's state application on the findings of the state habeas trial court.

After reviewing the record, the court is unable to conclude that the finding of the state habeas trial court on this issue constituted an unreasonable determination of the facts in light of the evidence before that court. Nor can it be concluded that the ultimate conclusion on this point by the Court of Criminal Appeals was contrary to, or involved an unreasonable determination of, clearly established federal law. Petitioner's assertion that counsel stated be might receive a suspended sentence is unsupported. Further, there is no indication that the advice counsel provided concerning the weight of the evidence against him and the type of sentence a jury might impose was erroenous.

B.  Cruel and Unusual Punishment

Petitioner asserts the sentences he received were cruel and unusual. He states that sentencing a 61 year old man to 50 years of imprisonment results in a death sentence and ensures that he will die in prison, as if he was convicted of a capital offense. He complains that the trial court failed to take into consideration that these were his first offenses and failed to consider the detrimental effect the sentences would have on his dependent children.

The Eighth Amendment to the Constitution prohibits a sentence that is grossly disproportionate to the severity of the crime for which it is imposed. *Solem v. Helm*, 463 U.S. 277, 288 (1983). When evaluating an Eighth Amendment proportionality challenge, a court makes a threshold comparison between the gravity of the charged offense and the severity of the sentence being challenged. *McGruder*

10

*v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992).  In non-capital cases, successful challenges to the proportionality of particular sentences are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).  In general, a sentence assessed within statutory limits is not excessive, cruel, or unusual, "unless it is so disproportionate to the offense as to be completely arbitrary and shocking." *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Ci. 1975).

Petitioner raised this ground for review in his state application for writ of habeas corpus.  The state habeas trial court issued the following finding of fact regarding this ground for review:

> The sentences assessed and imposed were not excessive, cruel and unusual punishment inasmuch as same were within and did not exceed the statutory punishment ranges–5 to 99 years for [aggravated sexual assault of a child] and for [indecency with a child], 2 to 20 years.

The Court of Criminal Appeals relied on this finding of fact when it denied petitioner relief.

After considering the sentences imposed, the punishment authorized by the state legislature for petitioner's offenses, and the seriousness of petitioner's offenses, the court is unable to conclude that the sentences were grossly disproportionate for the offenses petitioner was convicted of committing.  As a result, the conclusion of the state courts with respect to this ground for review was not contrary to, and did not involve an unreasonable application of, clearly established state law.

C. <u>Ineffective Assistance of Counsel</u>

1. <u>Legal Standard</u>

A claim of ineffective assistance of counsel is reviewed under
the standards announced by the Supreme Court in *Strickland v.
Washington*, 466 U.S. 668 (1984). "First, a defendant must
demonstrate that 'counsel's representation fell below an objective
standard of reasonableness,' with reasonableness being judged under
professional norms prevailing at the time counsel rendered
assistance." *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992
(quoting *Strickland*, 466 U.S. at 688). Second, if counsel was
ineffective, "[t]he defendant must show that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different. A reasonable
probability is a probability sufficient to undermine confidence in
the outcome." *Strickland*, 466 U.S. at 694. A claim of ineffective
assistance of counsel will only merit habeas relief when a
petitioner satisfies both prongs of the *Strickland* test. *See
Strickland*, 466 U.S. at 687-97.

2. <u>Application</u>

a. <u>Failure to Attempt to Have the Trial Judge Recused</u>

Petitioner states counsel was ineffective for not attempting
to have the trial judge recused before he imposed sentence.

Petitioner raised this ground for review on direct appeal. In
considering this ground for review, the intermediate appellate court
stated as follows:

> During the punishment hearing, Hathorn objected to attach-
> ments 6 and 7 and pages 2-4 of the [presentence inves-

12

tigation report on the grounds that they included unadju-
dicatd and unproven extraneoous offenses, that they in-
cluded information in violation of the confrontation
clause, and that they were improperly included without
permission from the jurisdiction of the extraneous
offenses.  The State argued that the trial court could con-
sider the extraneous unadjudicated offenses referenced in
the PSI report for punishment purposes even though
they amounted to hearsay and no permission had been ob-
tained.

The trial court pointed out that it had already read the
PSI report and asked Hathorn's trial counsel whether he
had any recusal concerns if the court were to sustain his
objections.  When deciding whether to move for recusal,
trial counsel stated:

> And the question is whether I-I'm thinking out
> loud, to some extent.  The question would be
> whether this is a matter of such gravity that it
> would be difficult, if not impossible, for the
> Court to not consider these matters in assessing
> punishment.  And I don't know any way to answer
> that other than I think that there is always that
> potential danger.  I know the Court.  I've always
> found the court to be extremely fair and able to
> consider matters, but I guess that would be the
> best way.  I'm not moving to recuse the Court.

The court sustained Hawthorn's objections, took judicial
notice of those portions of the PSI report that were not
objected to, and held that it would "not hear any more
concerning whatever would be the subject matter of Attach-
ment[s] 6 and 7, pages 2 through 4" of the report.

Here, we find trial counsel's belief in the fairness and
integrity of the trial judge to be a reasonable and sound
trial strategy.  We review trial counsel's conduct with
great deference, without the distorting effects of hind-
sight.  Therefore, Hathorn has failed to prove deficient
performance, as is required by the first prong of *Strick-
land*.

The court is unable to conclude that the conclusion of the
intermediate appellate court on this point was contrary to, or
involved an unreasonable application of, clearly established state
law.  There is no reason to believe that in sentencing petitioner
the trial court was unable to put aside the portion of the

presentence investigation report to which objections were sustained. As a result, there is no reason to believe the trial court would have granted a motion to recuse. Failure to make such a motion therefore did not fall below an objective standard of reasonableness. Further, petitioner has not demonstrated he suffered prejudice because a motion for recusal was not made. He has failed to show there is a reasonable probability that another judge would have imposed a lighter sentence if a recusal motion had been granted.

b. <u>Failure to Preserve Error</u>

Petitioner also asserts that by failing to immediately object to the sentence or filing a motion for a new trial, counsel failed to protect his ability to challenge his sentence on direct appeal.

On direct appeal, petitioner attempted to argue that by ordering the sentences imposed as a result of his convictions for indecency with a child to be served consecutively, the trial court imposed sentences that, in the aggregate, constituted cruel and unusual punishment. The intermediate appellate court stated that in order to have preserved this point of error for appellate review, petitioner would have had to either make timely objection to the sentence or file a motion for a new trial. As no timely objection was made and no motion for new trial was filed, the intermediate appellate court concluded the issue had not been preserved for appellate review.

Petitioner has failed to show he suffered prejudice because this issue was not preserved for review. For the reasons set forth

above, the sentence imposed was not grossly disproportionate for the offenses petitioner was convicted of committing and therefore did not constitute cruel unusual punishment. As a result, there is not a reasonable probability that if this point of error had been properly preserved for appellate review, the intermediate appellate court would have sustained the point of error on the merits.

Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit and will be denied. An appropriate final judgment shall be entered.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could revolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raised a valid

claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling.  *Id*. at 484; *Elizalde*, 362 F.3d 328.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner.  *See Miller v. Johnson*, 200 F.3d 272, 280-01 (5th Cir. 2000)

In this case, petitioner has not made a substantial showing of the denial of a constitutional right or shown that the court's procedural ruling was incorrect.  As a result, a certificate of appealability shall not issue.

**SIGNED** this the **23** day of **September, 2015.**


_____
Thad Heartfield
United States District Judge

16